Case for this morning, or I should say cases, are Greyer against the Illinois Department of Corrections and Johnson against Dalkey. Good morning, Your Honor, and may it please the Court. My name is Lauren Pope, and I, along with my co-counsel, Ariane Saroosh, am a third year law student with the Bloom Legal Clinic at Northwestern Law. My co-counsel and I are practicing pursuant to Rule 711 licenses today, and we represent the appellants in this consolidated appeal. This court should reverse the decision below, because the district court's finding that appellants committed fraud on the court was clearly erroneous. As this court has stated, a district court's interpretation of the facts is clearly erroneous when that interpretation is implausible, illogical, or contradicted by extrinsic evidence. And that's the case here for a number of reasons. First, the district court cited the case of Turner v. Wexford in dismissing Mr. Johnson's case for fraud. Can I ask you, Ms. Pope, what legal standard you think the court should have applied? Because both of the petitioners, the plaintiff appellant in these cases, did fail to disclose at least one, and in some instances more, lawsuits. That much, at least, I think we can agree with. Your Honor, in our briefs, we ask that this court review the finding of fraud de novo for a couple of reasons. But what standard do you want us to, what makes it fraud and not just an inadvertent mistake? In Hoskins v. Dart, this court held that fraud requires both intent and materiality. And so we propose a standard where intent requires an intent to deceive. And we get this standard from this circuit's fraud on the court jurisprudence. Additionally, for materiality, we ask that this court adopt a standard where an omission of prior litigation isn't material unless it has an impact on that plaintiff's eligibility to proceed under the Prison Litigation Reform Act. And now under- So what if somebody had 30 prior cases, which for some reason, none of the 30 would have led to a strike? Would you say that even such a person who fails to disclose those cases has complied with the spirit of the statute? Your Honor, that could not be fraud because if none of those cases had any material impact on that prisoner's eligibility to proceed under the statute, then that omission is not material, even if intentional. And as this court stated in Hoskins v. Dart, it requires both of those prongs. I'd like to move back to explain why the finding of fraud here was clear error. So in addition to the fact that the judge listed Turner v. Wexford, a case which Mr. Johnson was never a party to, in both cases, the district judge cited contemporaneous cases, cases the same day as the complaints in these cases. So you're making a fact-based, which is fine for a clear error. But again, I'm going to push you back and say, certainly when we're looking at abuses of discretion, the Supreme Court has said one way to abuse discretion is to use the wrong legal standard as a predicate for whatever it is the court did. And I'm wondering if you're making, in essence, that same argument. If the court used the wrong legal standard for ascertaining fraud, then the court was automatically going to come to the wrong answer. Yes, Your Honor, that is our position. And that's our position for a couple of reasons. So we're arguing that the district court stretched this court's decision in Hoskins beyond a place that this court could have intended. And that's the case for a few reasons. First of all, a rule where any omission on the complaint form, regardless of the reason or regardless of the content of those lawsuits, it constitutes fraud, undermines the Prison Litigation Reform Act. In passing the Prison Litigation Reform Act, Congress decided to establish these procedural mechanisms, these safeguards, one of which is the three-strike rule, to filter out non-meritorious claims from meritorious claims. But in enforcing a local rule such that any omission constitutes fraud, that local rule over-enforces the PLRA. And it does so in a random and arbitrary way. Whether or not a litigant fully filled out the prior litigation form says nothing about the merits of that prisoner's complaint. And so in enforcing a local rule in this way, that undermines the PLRA, a federal statute. And this court has held and the Supreme Court has held that local rules cannot undermine federal rules. And additionally, Your Honors, the Supreme Court. Yes, Your Honor? In our case, Judge Reinhart's order doesn't mention either of the two elements, does it? Let alone purport to make findings on those elements. It doesn't, Your Honor. The district court did not mention intentionality or materiality. Now, tell me this. Must there always be some form of evidentiary hearing before a court determines whether a prisoner's failure to disclose his prior litigation history is intentional or inadvertent? No, Your Honor, it is not a position that the district court must always hold a hearing. We rely on this court's decision in Sanders versus Melvin, which states that only if the district judge or the defendant challenges the plaintiff's allegations. For example, if the district judge finds that the allegations were, quote, fishy, then the plaintiff must be allowed to substantiate those claims. Sanders versus Melvin said that self-serving statements can be put to the test before being accepted, but they cannot be ignored. And that's what the district court said. What's the person substantiating? Is he substantiating that maybe he forgot about the prior litigation, or is he substantiating, as in the Turner case, that he wasn't, that it was a mistake, he wasn't really part of it, maybe somebody with a similar name was, or is he, what's he substantiating? Either, Your Honor. It depends on the facts of the case. Here, the appellants would be substantiating that their omission of prior litigation history was a simple mistake. It was not intentional. And given the opportunity to do so is what Sanders requires. And non-material, you're also arguing. Yes, correct. Your Honor, another reason why we argue that the district court pushed Hoskins to a place which amounted to the incorrect application of the standard for fraud is because the Supreme Court in Jones versus Bach, in that case, the Sixth Circuit had a local rule that required prisoner plaintiffs to plead that they had exhausted their administrative remedies. And a district court dismissed a case for a prisoner failing to plead that he exhausted his remedies. The Supreme Court said that, no, the PLRA does not require this heightened pleading standard. And so the local rule in requiring it, the courts in passing that rule exceeded their limits. And that's the case here as well. The PLRA does not authorize district courts to dismiss cases for a prisoner's failure to disclose litigation. The PLRA doesn't even allow district courts to dismiss prisoners' cases if they have struck out three times. Well, it doesn't say anything about who has the burden of investigating prior litigation. It doesn't, Your Honor. And this court in Sanders recognized that and said, because the PLRA does not provide a mechanism to resolve these 1915 disputes, that the federal rules of civil procedure apply. And they're like, but let me push back on that. Because there are many areas where statutes or, for that matter, the rules of procedure are silent. And that is a place, it's a space in which district courts are entitled to pass local rules. And we say all the time, for example, in the Rule 56 context, that the district courts are entitled to enforce their local rules. The problem here, Your Honor, is that if the local rule is enforced the way that the district court did, where any omission constitutes fraud, that violates the purpose of the PLRA, which the goal was to distinguish, to filter out non-meritorious claims. And as I mentioned, whether or not a litigant fully fills out this form says nothing about the underlying merits of that complaint. Based on the district court's approach, the district court allows prisoners who are bringing constitutional claims to be dismissed with prejudice before the court ever reaches the merits. Your Honor, there's another reason why. But you would concede, though, that if the complaint, sorry, if the undisclosed cases would have yielded a strike or did yield a strike, then the district court would be entitled to dismiss the complaint for failure, for concealing from the court that type of case. Yes, Your Honor. And that doesn't reach the merits, either. That's a punishment dismissal with prejudice, as opposed to a merits dismissal with prejudice. Yes, however, Your Honor, that court would have to find by preponderance that that plaintiff did commit fraud on the court. And that court would still have to give appropriate due process to that litigant. The judge couldn't just dismiss it outright. Your Honors, I'd also like to just briefly, before I enter my rebuttal time, explain why the choice of sanction here was an abuse of discretion. We recognize that district court judges have a wide range of discretion in imposing a sanction. But the choice here was an abuse for two reasons. First of all, this court has held that the selected sanction must be proportional to the party's misconduct. Here, we're talking about an error on a complaint form, failing to fill it out in its entirety, that does not warrant the most severe sanction that a district court could possibly give out, dismissal with prejudice. And second of all, this court has held that dismissal is proper only upon defining a willfulness, bad faith, or fault. And none of these were present here today. Amicus argues that it was unreasonable for the litigants to fail to disclose the litigation history in its entirety. But it's not unreasonable for a plaintiff to make a mistake. Both plaintiffs accidentally omitted some of their litigation history. And if there are no further questions, I would like to remain the rest of my time for rebuttal. That's fine. Thank you very much. So we will now hear from our Amicus Curiae. We appreciate your participation in that capacity. Ms. Schmuehrer. May it please the court. The district court judgments should be affirmed, because Judge Reinhart did not clearly err in determining that the appellant's omissions of their litigation history were both material and intentional and thus fraudulent. So if we were to affirm on this record, wouldn't we be endorsing a presumption of fraud whenever there is a failure to disclose? I don't think so, Your Honor, because what appellants, I think, overlook in saying that affirming here would require endorsing a presumption of fraud is that what the district court found here is that the litigants did intentionally omit their litigation history. Where do you see that? I think it is implicit in the court's finding of fraud, and it's citation. But the court never says that. That's one of the things that troubles me. If there were a sentence in the court's findings that this was an intentional decision not to disclose, that's one thing. But all he says is, when an inmate fails to fully disclose his litigation history, the court has the discretion to dismiss the case as a sanction. Then he goes off and talks about sending a strong message. I'm looking at the Johnson, or the others similar. Yes, so in the Johnson case, he says he does not find Johnson's assertion that he simply made a mistake persuasive. And I think that means that's. But what does that mean? I think that indicates that he. Persuasive means it's not a good enough reason, or persuasive means I don't believe you forgot, or what's? I think the most natural reading is that he did not find Johnson's story credible, and that he found that Johnson, despite saying that this was his complete litigation history, to the best of his knowledge. Actually, to the best of his knowledge, that was not his complete litigation history. So here's an interesting question. The panel expressed findings as to materiality and intent as the district judge did make in the Hoskins case. So why is a remand not required on that basis alone? So Judge Rovner, I think if you look at the district court decision in Hoskins, you will see that the court there did not make intermediate findings of intent and why the omission was material on the way to its finding of fraud. And in fact, this court in Hoskins said it was reviewing the court's finding of fraud. That's what it was reviewing. And so it's this court's opinion where it mentions that fraud consists of an omission that is both intentional and material. But here's the problem. Let me. I think if Hoskins was still litigating the cases he had failed to disclose, so it was reasonable there to infer his failure was not accidental. And I think the same is true here. So I think it makes sense to look at each case. But in Johnson's case, it's true that the two cases that it's undisputed that Johnson should have disclosed and did not, both of those cases were recent. They were from the last few years. But the form was ambiguous. And I also am troubled. In general, in the law of contracts and the law of torts, there's a distinction between a breach of contract or tortious misconduct on the one side and fraud on the other side. And it's very clear, fraud requires more. So I would say the same is true. Failure to comply with a request in a court form, list this, do that, certainly may be something that's the wrong thing to do. But to rise to the level of fraud when fraud is understood to be both intentional and material. And we all agree that none of the omitted cases would have led to a strike. None of them would have affected the ability of either of these people to pursue the litigation they were trying to pursue. So it's a very poor fit for the word fraud. Whereas, as Judge Rotherham points out in Hoskins, he's right in the middle. He's in medias res. He's clearly litigating, which is why I asked the question about misleading the court. But this just seems to be such a bad fit. Well, in Hoskins, too, after the court dismissed his case without giving him any opportunity to respond, Hoskins submitted a letter to the district court, essentially providing the same excuse that Appellant Greyer did in this case. He said, I have a low literacy level. I'm relying on the help of other people. And he submitted a four-page letter to that effect. And this court, in published precedent, said that the district court was within its rights in rejecting the innocent explanation under those circumstances. But you still have to have some sense of misleading the court. These orders are so brief. And actually, another thing we don't know about these prior cases is whether they were dismissed in their entirety, whether certain counts were dismissed, because we don't assess strikes unless the entire case is dismissed. I'm sorry, Your Honor. Are you referring to these cases? Just in general. I'm saying the lack of information. The judge jumps from failure to disclose all the way to fraud in one big leap. And that, it seems to me, must be legal error. Well, I think under these circumstances, certainly, there is a plausible reading of the facts that they just made an honest mistake. That might even be the more likely reading. But we don't have an explanation from the judge as to why that is being rejected. And in fact, some nefarious, you were out to mislead the court, and it was material, even though it wasn't going to prevent you from litigating some explanation about why it's material. Yes. Would be nice. So I think if that is the case, and this court thinks that on these facts, it might be possible to find fraud, even if it's not likely, I think the proper remedy would be to vacate, not reverse, as appellants suggest, and give the court a chance to explain its reasoning better and explain exactly why it held what it did. And I think that is. But why do we need to do that here when we know that it wouldn't prevent litigation, at least from the PLRA point of view? Obviously, they may win, they may lose, but they aren't barred from pre-payment, from postponement of the full fee pursuant to the provisions of the PLRA. Well, they may. That's the only issue that's on the table. Well, at least in Greyer's case, if he goes forward, he might be assessed to strike, the court there said. Well, eventually, at the end of the case. But I'm saying, the only thing the district judge is doing is he is screening to see whether Greyer and whether Johnson have the right to avoid paying the entire filing fee up front. That's it. That's the only question. And why isn't that something that we can readily resolve right now? Well, so there's no dispute that they would be IFP eligible, and that on the facts as we know it, neither has accumulated three strikes. But I think if this court were to reverse, what it would be saying is that there is no way a district court could find fraud, because then there must be some reason for that. And if the reason is the fact that it's totally immaterial, and there is no evidence of intentionality. But then it's not like even the multiple cases in Hoskins that were perhaps some evidence of intentionality. Well, the omissions were not material. And in fact, it's not clear what standard appellants seek to ask this court to adopt in adopting a heightened material standard. At one point, they say omission can only be material if it conceals a strike out, which would be a total of three strikes. But later on in their argument just this morning, they conceded that if a litigant concealed one strike, that omission would be material. And then there's still this court's precedent in Hoskins where Hoskins concealed no strikes, but the omission was material. So I think they're then turning to intent. That's why I asked the question up front. What is the legal standard that we're dealing with here? Yes. Your standard, though, seems to be any disclosure and you're out, you can be dismissed with prejudice. And I just don't see that in the law anywhere. I think no. This is the nuclear option for litigants, and I just don't see it. I think it's only if the district court, which is closest to the facts and has the most experience with litigants filling out this form and their ability to disclose their litigation history. There was nothing before the district court in this case.  No, that is true, Your Honor. However, the court does know that this form has a clear instruction. It's asking for something that is reasonably within a litigant's knowledge. Now, do you really think that's true? I mean, for people who don't have records, in fact, the prisons destroy records all the time. They move them around. They lose them. They're doing it from memory. Yes. So they're doing it from memory, and they're not asked to do more than that. And here, Johnson left out two cases that he had begun recently and one that he began the very same day. But he says he misunderstood. I mean, when you talk about prior cases, does that mean current cases? So his counsel only suggests that as a possibility on appeal. Johnson never said that he was confused by the case in his response to the court's order to show cause. In fact, he was the one who brought up that case that he had filed the same day. That was the first mention of it. And then the district court subsequently mentioned that case when it imposed the dismissal sanction. Yeah, he says, I simply made a mistake, forgot to put the proper information unintentionally. It was not intentionally. And he says he's not experienced. So there was no allegation at the time that he was confused by what the form was asking for. And I think he's more or less saying, I'm not experienced in litigation in general. I'm not sure that I would say there's no allegation. But if that response immunizes a litigant from the court sanctioning them for what it finds to be an intentional omission, like the example you suggested earlier of leaving off 30 cases, then I think there would be very bad consequences to that. Because courts would have their hands tied. They wouldn't be able to sanction the litigant for that omission. And then they could sanction, but maybe not dismissal with prejudice. The bottom line, it seems to me, that certainly Judge Reinhart wasn't required to credit the plaintiffs. But his orders do not indicate at all why he chose not to believe him. And it's very problematic. So. For me, I don't know. Well, I think then the result would be to give him a chance to explain that. And so, let's see. And moreover, I think if you look at the facts that he laid out in his opinion, I think it's the same facts in the circumstances that this for, and it's the same facts that this court cited in Hoskins and in other cases in this general context of a litigant concealing his litigation history, that the form is clear. It's clear what it's asking for. And this court might find in this case that maybe it wasn't clear. This court might disagree and say that asking for a case that was filed the same day, the form is ambiguous. And that could also be a basis for sending it back to the district court. Although, in the Johnson case, there are still those two cases that, undisputedly, he should have disclosed. So. You didn't quit, but there's a lot of things to say, you know. So. Anyhow, so to sum up, appellants have not given this court a rule for why what the district court did here was entirely implausible. And in fact, I encourage the court to look at the district court decisions in Hoskins and in these other cases to see what level of reasoning has been accepted in the past. But if this court finds that there was not adequate reasoning, then I think vacater would be proper. But if there are no further questions, I ask that the decisions at issue be affirmed. Thank you very much. Mr. Soroush? Yes. May it please the court. Ariane Soroush, continuing argument on behalf of appellants. Amicus contends that it is not entirely implausible that these omissions were intentional and material. However, when faced with the risk of having their cases dismissed with prejudice, losing the right to ever bring those cases again and seek redress for constitutional violations, it would be entirely implausible for a litigant to omit a case that had no bearing on its inform apoperous eligibility. Additionally, Amicus contends that our stance leaves no room for district courts to find fraud and immunize the plaintiffs. So is it your position, though, that failure to disclose anything that doesn't have an effect on IFP eligibility is automatically immaterial? There are suggestions that Amicus makes that perhaps the person just doesn't want to look like a litigious, frequent filer kind of person. Your Honor, any finding of fraud in the context of the PLRA needs to implicate the PLRA and its standards because the local rule cannot go beyond what the PLRA stands for, and Jones v. Bach explicitly makes that argument. And so any omissions must in some way either affect their IFP eligibility or go towards that, which is why omission of one strike, for example, could still technically implicate the PLRA because it goes to 1950 G's inquiry as to how many strikes have been accumulated. At least that is within the context of the PLRA rather than creating a trap or a hatchet to simply dismiss cases due to an innocent mistake. Additionally, despite Hoskins and its holding where non-strikes were omitted. Right, I mean, how do you deal with Hoskins? I think that's your worst case. Your Honor, Hoskins has been interrupted by this court's new precedent in Sanders v. Melvin, which was in 2017, six years after that, which explicitly overruled any precedents that let district court judges out of hand dismiss self-serving allegations in the PLRA context. There it was about a plaintiff who made allegations as to why he is under imminent threat and therefore can be exempt from the three-strike rule. And the court said that in any PLRA context, a prisoner or plaintiff is going to make allegations that are self-serving. But a district court cannot, out of hand, dismiss those like Judge Reinhart did here. And any problems. So here you're saying the self-serving statements are in the letters that each of these people submitted? Yes, that it was a mistake. And if the court were to implement process, the process below, as your honors pointed out, findings were empty. And the explanations for why these excuses were not sufficient had no meat to them. So how strictly do you think that these PLRA evaluations need to adhere to what we would understand as the law of fraud? The law of fraud is a law that imposes a heightened standard. You have to go through 9b if you're dealing with all kinds of cases of fraud. It would be a significantly greater burden on the district court judges to jump through all the fraud hoops in these cases. But your honor, that's what they have to do simply. It's in order to find fraud consistent with all other circumstances of fraud in this court's jurisprudence, which include egregious conduct, such as bribing judges or effectively trying to deceive the court, as this court said in Sloan v. Leslie, efforts to bamboozle the court. That is what fraud requires. And even though this might create some inconveniences for district court judges, they have access to all the information that's required for their three strike inquiry. And with the advent of electronic case management, which didn't exist at the time of the PLRA in 1995, this court simply cannot use these innocent mistakes as a way to alleviate its burden. We understand that district courts have many prisoner lawsuits coming through. But the PLRA provides exhaustive mechanisms for filtering out non-meritorious claims. And a rule for fraud on the court should not go so far as to eliminate cases that actually do have merit to them, simply due to these mistakes. Is there any sanction that you can think of that the district court could impose for carelessness, let's say, and just failing to gather the information about earlier cases, even if there are no strike cases? Because certainly the form requires listing the cases, whether or not. The court's not going to rely on the prisoner's assessment as to whether it was a strike kind of case. A couple of approaches the court could take, Your Honor, include allowing the plaintiff leave to amend the complaint, dismissing without prejudice, or imposing a fine where under the PLRA, the filing fee is 20% of their monthly deposits to the prison account. They could increase that or in some way leverage a fine or a lien. There are many ways that don't go so far as to extinguishing their right to seek redress for constitutional violations. Thank you. Thank you very much. Thanks to all counsel. Special thanks to the amicus. And also special thanks to the Bloom Clinic. We will take this case under advisement. These cases under advisement.